UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>AIR CRASH AT TAIPEI, TAIWAN, ON OCTOBER 31, 2000 | Case No. MDL 01-1394 GAF (Rcx)<br><br>**MEMORANDUM AND ORDER RE: MOTION TO RECONSIDER RULING DENYING MOTION TO DISMISS DEFENDANTS BOEING AND GOODRICH ON *FORUM NON CONVENIENS* GROUNDS**<br><br>This Document relates to the following cases:<br><br>CV 01-9236; CV 01-9290; CV 01-9291; CV 01-10335; CV 01-11174; CV 02-277; CV 02-524; CV 02-1164; CV 02-2263; CV 02-2267; CV 02-2530; CV 02-3091; CV 02-7823 |

I.

## INTRODUCTION AND SUMMARY

In the present MDL proceeding, which arises from the crash of Singapore Airlines Flight SQ 006 on its departure from Chiang Kai-Shek International Airport in October 2000, 19 of the consolidated lawsuits name The Boeing Company and Goodrich Corporation (jointly referenced as "Boeing") as defendants. Six of the 19 cases arise under Article 28 of the Warsaw Convention, which confers jurisdiction on this Court over Singapore Airlines in the United States. Because Article 28 jurisdiction does not exist in the remaining 13 cases, Singapore Airlines is not a defendant in those lawsuits, and Plaintiffs have therefore filed actions against the airline in other fora.

1

115

In February 2003, Boeing moved to dismiss the lawsuits brought by the non-Article 28 plaintiffs on the ground of *forum non conveniens*; the Court denied the motion in March 2003. On April 28, 2003, Singapore Airlines waived its Article 20 defense in the Article 28 cases, which left the determination of damages in the individual cases as the only remaining issue in the case. Thereafter, Boeing moved for reconsideration of the Court's *forum non conveniens* ruling on the ground that Singapore Airlines' waiver of its rights under Article 20 constitutes a material change in the facts relevant to the motion, and, if considered, would alter the Court's analysis of the issue.[1]

As to the five pending Article 28 cases (the sixth one having settled since the motion was filed), Boeing argues that those case cannot be tried with Singapore Airlines because, while Singapore Airlines has conceded liability, Boeing has not and therefore should not be tried in any of the damages cases. Moreover, Boeing insists that, because Singapore Airlines has conceded liability in the Article 28 cases, it is now a superfluous defendant in those actions, as evidenced by the fact that the one case that has settled included a release for Boeing. Boeing therefore contends that because the 13 non-Article 28 actions now have little connection with the pending Article 28 proceedings, and because the plaintiffs[2] in those cases have filed actions against Singapore Airlines in other fora, it would be more convenient for the parties and more expeditious for the courts to have all defendants tried in one lawsuit.

---

[1] The motion to reconsider was filed months ago and should have been addressed by the Court long before now. It appears that the motion was inadvertently removed from the Court's calendar when the Court ruled on a separate choice of law motion this past summer.

[2] Most of the plaintiffs in these actions are foreign citizens, residing in various countries including Indonesia, Malaysia, the Philippines, Canada, the Netherlands, South Africa, Taiwan, Belize, Costa Rica and Mexico. (See, e.g. Man, et al. v. SIA, et al., CV 02-2263; Schijndel, et al. v. Eva, et al., CV 02-2530; Lin, et al. v. Boeing, CV 01-9236; Dominguez v. Eva, et al., CV 01-7256; Chen, et al. v. Boeing, CV 01-9291). A few of the plaintiffs are U.S. citizens and reside in states such as Texas and California. (See, e.g. Leenardo, et al. v. SIA, et al., CV 02-524; Woo v. Eva, et al., CV 01-3316).

Plaintiffs oppose the motion. They argue that Boeing's contentions are hypothetical, and that even after Singapore Airlines' waiver of full liability, they might choose to partially settle the Article 28 cases and then pursue additional recovery against Boeing. Under those circumstances, they contend that the Court would be required to try Boeing's liability in the Article 28 cases, and that the Court should therefore refrain from dismissing the non-Article 28 cases.

In fact, both plaintiffs and defendants present arguments that are, at least to a degree, hypothetical, although based on differing hypotheses. Having fully considered these arguments, the Court has reconsidered its earlier ruling and concludes that, in light of the Article 20 waiver, Boeing presents the more compelling argument. In reality, the likelihood that any of the Article 28 cases will proceed to trial against Boeing is remote. Indeed, the Court thinks it unlikely that any case in any forum will proceed to trial against Boeing, given the circumstances of the crash in this case. But if the non-Article 28 cases do proceed to trial, it would be desirable that all defendants be tried together in one proceeding. Accordingly, the motion to dismiss the 13 non-Article 28 cases on *forum non-conveniens* grounds is **GRANTED**.

## II.

## DISCUSSION

In its prior order on this subject, the Court set forth the controlling legal principles in some detail. Thus, the Court will only briefly address them in this ruling before proceeding to the specifics of the issues pertaining to reconsideration.

### A. THE LEGAL STANDARD

"A party moving to dismiss based on *forum non conveniens* bears the burden of showing (1) that there is an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1118 (9th Cir. 2002). Thus, the Court begins with a presumption in favor of the plaintiff's choice of forum, particularly in the case of a domestic plaintiff and defendant. See, e.g., Peregrine Myanmar Ltd. v. Segal, 89 F.3d 41, 46 (2d Cir.

1996); Cheng v. Boeing Co., 708 F.2d 1406, 1410 (9th Cir. 1983). In the case of a foreign plaintiff, the choice of forum "deserves less deference" than that of a citizen plaintiff, and therefore less showing is required to obtain a forum non conveniens dismissal. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 (1981). But even under the lesser deference standard, dismissals for forum non conveniens are "to be employed sparingly," because the doctrine does not "compel[] plaintiffs to choose the optimal forum for their claim." Ravelo Monegro v. Rosa, 211 F.3d 509, 514 (9th Cir. 2000); Dole Food, 303 F.3d at 1118.

The presumption in favor of the plaintiff's choice of forum may be rebutted through a clear showing of facts which either "(1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947); Ravelo, 211 F.3d at 514; Cheng, 708 F.2d at 1410 (citing Miskow v. Boeing Co., 664 F.2d 205, 208 (9th Cir. 1981)). Whether such a showing has been made is determined by an analysis of the so-called "private" and "public" factors discussed below.

### B. BOEING'S ROLE IN THIS CASE

#### 1. The Product Liability Theory

Boeing and Goodrich have been sued in this case on product liability theories relating to the crashworthiness of the aircraft. Apparently, the plaintiffs' theory is that a fully loaded, fully fueled 747 aircraft, moving down a closed, under-construction runway at take-off speed in a typhoon, should be able to withstand a collision with construction cranes, bulldozers, and the like. Assuming that there is something to such a theory, it is not a theory that will be tried before a jury in any of the Article 28 Singapore Airlines' damages cases. As a fully liable defendant, any trial of Singapore Airlines would result in a full award of damages, except possibly in the

one case where the only damage incurred was psychological. Thus, except for that, single case, there would be no point in having any other Article 28 case tried against Boeing.

### 2. The Prospects For a Joint Trial

Even in a situation where both Singapore Airlines and Boeing had potential liability for damages, the Court would not try the defendants together because to do so would risk prejudice to both defendants, and perhaps to plaintiffs as well. A joint trial would subject Boeing to potential prejudice because it would be defending itself in a matter where the jury would be told that the airline has conceded liability. But this would also create some risk to plaintiffs because the jury would hear Boeing's evidence regarding liability, which could create confusion in the juror's minds regarding the case against Singapore Airlines. On the other hand, the airline, having conceded liability, should not be required to proceed to trial in which a full-blown liability dispute, with its potentially lengthy (and perhaps gruesome) evidence, must be considered by the jury. Accordingly, the only possible cases that would be tried against Boeing would be an Article 28 case where the plaintiff seeks damages solely for psychological injury, or, a case in which the parties enter into a partial settlement with Singapore Airlines – a possibility that the Court concludes is highly unlikely.

### 3. The Prospects for "Piecemeal" Settlements

Given that Singapore Airlines has waived its Article 20 defenses, which exposes it to full liability for the injuries suffered by its passengers, the Court gives little credence to Plaintiffs' assertion that surviving heirs would want piecemeal settlements to ensure that "all wrongdoers have made peace with the plaintiffs." (Plaintiffs' Supp. Resp., at 9). The Court cannot conceive of a scenario where plaintiffs, having one fully liable defendant in their sights, would agree to take less money to avoid releasing Boeing so that they could preserve their right to pursue a marginal product liability claim against the aircraft manufacturer. Thus, the Court rejects Plaintiffs' contention that, by granting the present motion, the Court would be

promoting litigation rather than settlement. None of the authorities presented by plaintiffs persuades the Court otherwise.

Plaintiffs support their argument with citation to other air crash cases wherein the plaintiffs agreed to piecemeal settlements. (Id. at 4-5). Plaintiffs rely on the Silk Air crash, which occurred in Indonesia on December 19, 1997, as an example where foreign plaintiffs partially settled with the air carrier, then sought relief in the United States from Boeing. In re Air Crash Disaster Near Palembang, Indonesia 2000 WL 33593202, *2 (W.D. Wash. 2000). However, in that case, because the United States had no jurisdiction over the carrier, the plaintiffs reserved their rights against Boeing precisely so that they could bring claims in U.S. courts. Moreover, the case involved a plane that fell from the sky, thus creating a serious question regarding the airworthiness (as opposed to crashworthiness) of the aircraft, due to alleged defects in the design of the rudder. Finally, nothing in the reported decision indicates that Silk Air had waived its Article 20 defense.

Plaintiffs also cite to the TWA Flight 800 crash where a U.S. court denied Boeing's *forum non conveniens* motion and then settled the cases, with Boeing's participation. In re Air Crash Off Long Island, N.Y., on July 17, 1996, 65 F. Supp. 2d 207 (S.D.N.Y. 1999). Insofar as the *forum non conveniens* factors are concerned, this case can easily be distinguished. The crash of TWA Flight 800 occurred in U.S. waters and was heavily investigated by U.S. authorities and involved a large number of U.S. plaintiffs. Id. at 217. As the Court noted:

> At first blush, one might well wonder why Defendants would possibly move to dismiss a large number of actions in this litigation on forum non conveniens grounds. The accident occurred over United States territorial waters approximately eight nautical miles off the coast of New York State, all defendants are United States corporations, and most--if not all--of the evidence pertaining to liability is located in the United States.

6

1  Id. The fact that Boeing participated (i.e. paid) in the settlements is also explained by
2  the fact that Boeing apparently agreed that it had at least partial liability, given its
3  offer to waive any defense to liability and pay full compensatory damages in the
4  foreign jurisdiction. Id. at 210. Here Boeing contends that it is not liable and
5  Singapore Airlines has conceded that it is.[3]

6  For these reasons, the authorities cited by Plaintiffs regarding Boeing's
7  participation in settlements in other cases provides little persuasive support for their
8  contention that piecemeal settlements are a realistic possibility in this case.

9  **C. AN ADEQUATE ALTERNATE FORA EXISTS**

10  "An alternative forum ordinarily exists when defendants are amenable to
11  service of process in the foreign forum. A foreign forum is adequate when it provides
12  the plaintiff with a sufficient remedy for his wrong." Dole Food Co., Inc. v. Watts,
13  303 F.3d 1104, 1118 (9th Cir. 2002). Under the circumstances of this case, there is
14  very little question that adequate alternative fora exist for trying plaintiffs' suits
15  against Boeing.

16  As an initial matter most of these plaintiffs have already filed suit against
17  Singapore Airlines in Singapore and Canada, which reveals that such fora are
18  adequate and available. (Han Decl. ¶ 2, Exh. A). To the extent that jurisdiction or
19  the statute of limitations could be an issue, Boeing has submitted declarations
20  agreeing that, as a condition of dismissal, it will submit to: (1) consent to the
21  jurisdiction of the courts of Singapore, Canada, or Taiwan, (2) toll any statute of
22  limitations for 60 days after dismissal by this Court; (3) make available for trial
23  evidence in its possession that the foreign courts deem relevant; and (4) pay any

---

[3] Plaintiffs also point to the Egypt Air Flight 990 crash wherein some of the plaintiffs have partially settled with Egypt Air and then brought actions against Boeing in the United States. (Plaintiffs' July 11 Mem., at 5). Although the Court has not received much information about the case, it again involved a crash that occurred off the U.S. coast, and involved an airplane that fell from the sky, not one which barreled into construction equipment on a closed runway. Boeing's role in the case, and its potential liability, therefore differs dramatically from its posture in this case.

damages awarded by the foreign courts, subject to any right to appeal. (Han Decl. ¶ 14; Hill Decl. ¶ 2). In addition, Boeing has submitted declarations from foreign law experts in the above three foreign fora that those courts would allow the joinder of Boeing and would honor Boeing's above concessions. (Xavier Decl. ¶¶ 3-4; Han-Pao Ma Decl. ¶¶ 2-6; Sheehan Decl. ¶¶ 2-5).

Plaintiffs have not refuted any of the above evidence. Their only real argument against these alternate fora is limited to the Taiwanese plaintiffs. They contend that the filing fees in Taiwan are prohibitive. This argument is weakened by the fact that the Ninth Circuit has affirmed a district court's finding that Taiwan was an adequate alternative forum in a case involving an intra-Taiwan air crash. Cheng v. Boeing Co., 708 F.2d 1406, 1410 (9th Cir. 1983). In Cheng, the lower court found "that the requirement of a filing fee, although a burden, was not sufficient to deny plaintiffs access to a Taiwanese court." Id. at 1410. The filing fee argument is even less persuasive in this case after considering that the only plaintiffs who must re-file in Taiwan – and thus pay the more expensive filing fees – are Taiwanese citizens, while the Cheng action included several U.S. plaintiffs who would be forced to file suit in Taiwan.

### D. THE PRIVATE AND PUBLIC INTEREST FACTORS FAVOR DISMISSAL

In this case, the Court is now confronted with a situation where there is very little likelihood that Boeing will be tried in any of the remaining Article 28 cases. Therefore, the Court must consider whether to dismiss 13 cases against Boeing involving an accident: (1) that occurred in a foreign country; (2) that involved a foreign air carrier; (3) that have been brought mainly by foreign plaintiffs, (4) all of whom have filed suit against the airline in various other fora. The Court's consideration of the issue must be undertaken in light of the applicable "private" and "public" interest factors that bear on the issue.

The private interest factors that a court should consider in a *forum non conveniens* analysis include: (1) the relative ease of access to sources of proof; (2)

residence of the parties and witnesses; (3) availability of compulsory process for attendance of witnesses; (4) costs of bringing willing witnesses and parties to the place of trial; (5) access to physical evidence and other sources of proof; (6) enforceability of judgments; and (7) "all other practical problems that make trial of a case easy, expeditious and inexpensive." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947); Contract Lumber Co. v. P.T. Moges Shipping Co. Ltd., 918 F.2d 1446, 1449 (9th Cir. 1990). As the discussion above indicates, numerous parties and witnesses reside in Taiwan and Singapore, and other locations outside the United States. The physical evidence from the crash has been warehoused outside the United States. The costs involved in bringing these parties and witnesses to the United States will be high, to the extent that their attendance can be compelled, but it is clear that there are limitations on the ability of this Court to obtain the attendance of witnesses through compulsory process. Moreover, all of these plaintiffs have initiated suits in other fora. On the other hand, it is also true that the Court can assure access to Boeing's records and witnesses, and that it would be more convenient to those witnesses to try the case in this Court. But as yet, plaintiffs have not taken any depositions of Boeing personnel and only one such deposition is currently planned. (Boeing Supp. Response at 6). In addition, Boeing asserts that it has already produced thousands of pages of documents that could easily be used in another fora. (Id.). Finally, Boeing has agreed as a condition of dismissal to make any relevant evidence available to foreign courts. Accordingly, the Court concludes that the balance of the private interest factors favors dismissal.

The public interest factors that a court should consider in a *forum non conveniens* analysis include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having the matter decided locally; (3) familiarity with governing law and avoidance of unnecessary problems in conflicts of law or application of foreign law; and (4) the unfairness of burdening citizens in an unrelated forum with jury duty. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 250 (1981);

Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947); Baumgart v. Fairchild Aircraft Corp., 981 F.2d 824, 837 (5th Cir. 1993).

Boeing has presented persuasive arguments and evidence supporting its contention that it is very unlikely that this Court will litigate liability issues in any of the remaining Article 28 cases, thus one of the Court's reasons for denying the initial motion no longer favors retention of the non-Article 28 cases.

Clearly, trying the non-Article 28 cases will be a great drain on resources considering these cases all involve a difficult and passenger-specific theory of liability and the cases involve at least 49 different passengers. In addition, it is noteworthy that the large majority of the 93 Plaintiffs are foreign citizens and even the four who are U.S. citizens apparently were not living in the United States at the time of the accident. Also, all of these plaintiffs have sued Singapore Airlines in other jurisdictions, thus a forum exists in which the claims can be resolved in a single action against all defendants. This fact provides a compelling reason not to put Boeing in the position of having to defend against claims where the principally liable defendants are not present

The question really comes down to whether the United States' and California's interest in these cases is sufficiently strong to justify the congestion of the Court's docket and requiring California citizens to perform jury duty. Plaintiffs contend that, since the case against Boeing involves the crashworthiness of an airplane that frequently carries U.S. citizens, it involves a matter of great interest to California and the United States. While this is no doubt true, given the nature of the accident in this case, issues of crashworthiness are much less central to the case than questions of airworthiness are in cases where an airplane falls from the sky. Moreover, the argument proves too much, as some aspect of the integrity of the aircraft will always be put in issue in air crash litigation. Thus, if the interest in the integrity of the aircraft's design and manufacture is dispositive on a *forum non conveniens* motion, such motions would never be granted. Finally, it appears that plaintiffs' contention

that the cases should be litigated here because of the interest in the aircraft's design and manufacture is based on the unstated assumption that litigation in another forum will not allow for a full consideration of aircraft integrity. However, no evidence is presented to support such an argument.

### III.
### CONCLUSION

In sum, upon reconsideration of the motion to dismiss the 13 non-Article 28 cases for *forum non conveniens*, and in light of the changed circumstances in this case, the Court concludes that the motion should be **GRANTED,** subject to those terms and conditions set forth in the Declarations submitted by Boeing regarding: (1) its agreement to consent to jurisdiction in Singapore, Canada and/or Taiwan; (2) its agreement to toll the statute of limitations for a 60 day period following the dismissal of this case; (3) its agreement to make relevant evidence available in the foreign courts; and (4) its agreement to pay any damages awarded in the foreign courts.

Accordingly, the Court orders that the 13 non-Article 28 cases be **DISMISSED**. This ruling **MOOTS** Boeing's pending motion seeking certification of the Court's prior denial of its motion to dismiss.

IT IS SO ORDERED.

DATED: February 6, 2004

Judge Gary Allen Feess
United States District Court